IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

STANLEY PHILLIP HOZA,      §
TDCJ # 765918,             §
                           §
        Petitioner,        §
                           §
v.                         §    CIVIL ACTION NO. H-14-1099
                           §
WILLIAM STEPHENS, Director, §
Texas Department of Criminal §
Justice, Correctional      §
Institutions Division,     §
                           §
                           §
        Respondent.        §

## MEMORANDUM OPINION AND ORDER

TDCJ inmate Stanley Phillip Hoza has filed a petition for a
writ of habeas corpus (Docket Entry No. 1) challenging a pair of 17
year old state court convictions under 28 U.S.C. § 2254. The
petition, which is the second one challenging the same state court
convictions, will be **dismissed** as successive and untimely.

## I.  PROCEDURAL HISTORY AND CLAIMS

Hoza is serving two concurrent 40 year sentences for
aggravated sexual assault of a child. After waiving his right to
a jury and pleading guilty to the charges, the trial court
convicted Hoza in 1996. State v. Hoza, Nos. 703117; 703118 (183rd
Dist. Ct., Harris County, Tex., Oct 7, 1996). The Court of Appeals
for the Fourteenth District of Texas affirmed the convictions.
Hoza v. State, Nos. 14-96-01301-CR, 14-96-01301-CR; 1998 WL 148323
(Tex. App. Houston [14th Dist.] Apr. 2, 1998). No petition for
discretionary review (PDR) was filed.

Hoza filed four applications for a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure challenging his convictions. The first two applications were filed on September 15, 1998. See Harris County District Clerk Website, http://www.hcdistrictclerk.com/. The Texas Court of Criminal Appeals denied both applications on March 3, 1999. See Hoza v. Johnson, No. H-99-3021 (S.D. Tex.), citing Ex parte Hoza, Nos. 40,484-01, 02 (Tex. Crim. App.). Hoza filed his third and fourth applications on January 8, 1999, while the first two were still pending. Id., citing Nos. 40,484-03, 04. The Court of Criminal Appeals denied both applications without a written order on May 19, 1999. Id.; see also Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us.

Hoza filed a federal petition for a writ of habeas corpus challenging the two aggravated sexual assault convictions on or about September 13, 1999. The United States District Court for the Southern District of Texas granted the respondent's motion for summary judgment and dismissed the petition on September 13, 1999. Hoza v. Johnson, No. H-99-3021. Hoza filed an application for a certificate of appealability which was denied by the United States Court of Appeals for the Fifth Circuit. Hoza v. Cockrell, No. 01-20848 (5th Cir. Jan. 11, 2002). No petition for a writ of certiorari was filed.

Hoza filed two more state habeas applications after his federal habeas petition was rejected. The Court of Criminal appeals dismissed both of the applications as successive per article 11.07, § 4 of the Texas Code of Criminal Procedure. Ex parte Hoza, No. 40,484-05 (Tex. Crim. App. Apr. 17, 2013); Ex parte Hoza, No. 40,484-06 (Tex. Crim. App. Oct. 21, 2013).

Hoza filed the current petition on April 11, 2014. He asserts that he was wrongly convicted because the state district judge presiding at his criminal proceeding was not authorized to pronounce judgment because he had not filled out the necessary paperwork before taking office (Docket Entry No. 1, p. 4). Hoza contends that this issue had not been previously raised because he had only recently obtained the supporting documentation from the Office of the Secretary of the State of Texas. Id. at 9.

## II.  SUCCESSIVE PETITION

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), the present action is barred as a successive federal habeas challenge to a state court conviction. 28 U.S.C. § 2244(b). Because of the prior dismissal on the merits, Hoza must first obtain permission from the United States Court of Appeals for the Fifth Circuit before filing another habeas petition. 28 U.S.C. § 2244(b)(3). There is no indication that the Fifth Circuit has granted permission for Hoza to file the current petition. Without such authorization, this action must be dismissed for lack of

jurisdiction.  <u>Williams v. Thaler</u>, 602 F.3d 291, 301 (5th Cir. 2010); <u>Hooker v. Sivley</u>, 187 F.3d 680, 681-82 (5th Cir. 1999).

### III.  <u>STATUTE OF LIMITATIONS</u>

In addition to being barred as successive, this action would be barred as untimely under AEDPA because Hoza is challenging convictions that were final nearly sixteen years ago.  <u>See</u> 28 U.S.C. § 2244(d)(1)(A) (one year limitation period for filing of 2254 petition after conviction becomes final).  His convictions became final on May 2, 1998, thirty days after the Fourteenth Court of Appeals affirmed the district court judgments on April 2, 1998.  <u>See</u> TEX. R. APP. PROC. 68.2(a) (West 1998) (PDR must be filed no more than thirty days after the Court of Appeals issues its opinion affirming a criminal judgement); <u>Roberts v. Cockrell</u>, 319 F.3d 690, 693 (5th Cir. 2003) (the limitations period commenced when the period for filing a PDR in state court ended), <u>citing</u> TEX. R. APP. PROC. 68.2(a).

Hoza filed his first two state habeas applications on September 15, 1998, 136 days after his convictions became final.  He filed two more applications before the first two were dismissed on March 3, 1999.  The Court of Criminal Appeals denied the third and fourth applications on May 19, 1999.  The limitations period was tolled during the pendency of the four state habeas applications.  28 U.S.C. § 2244(d)(2).  However, the period recommenced after the Court of Criminal Appeals denied the third

and fourth state applications.  See Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998).  Consequently, Hoza's limitations period expired 229 days later on January 3, 2000.

Hoza's previous federal habeas petition did not toll the limitations period.  Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001) (application for federal habeas corpus review is not "application for State post-conviction or other collateral review," within meaning of AEDPA's tolling provision); Grooms v. Johnson, 208 F.3d 488 (5th Cir. 1999).  His fifth and sixth state habeas applications (filed in 2013) did not toll the limitations because they were filed well after the habeas limitations period had expired. Palacios v. Stephens, 723 F.3d 600, 604 (5th Cir. 2013), citing Scott v. Johnson, 227 F.3d 260, 263 (5th Cir.2000), citing § 2244(d)(2).

Hoza contends that he did not previously raise the state district judge's alleged disqualification because he did not have access to the information before he obtained the documents from the Secretary of State.  Hoza is not entitled to relief because he has failed to demonstrate that he made a diligent effort to discover the alleged impropriety or that he was unreasonably prevented from doing so.  Starns v. Andrews, 524 F.3d 612, 619 (5th Cir. 2008).

Habeas petitioners are usually given an opportunity to respond when the court screening their federal habeas petitions find them to be untimely.  See Day v. McDonough, 126 S.Ct. 1675, 1684 (2006).

The court finds that a response is not warranted in this proceeding since Hoza's petition is successive as well as time-barred.

### IV.   CERTIFICATE OF APPEALABILITY (COA)

Before Hoza can appeal the dismissal of his petition, he must obtain a COA.   28 U.S.C. § 2253   In order to obtain a COA, Hoza must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000).   A COA shall be denied because this action is clearly barred, and Hoza has not made a substantial showing of the denial of a constitutional right.   See Resendiz v. Quarterman, 454 F.3d 456 (5th Cir. 2006).

### V.   CONCLUSION AND ORDER

The court **ORDERS** the following:

1.   The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE.**

2.   The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **DENIED** because the petitioner's Inmate Trust Fund Record reflects deposits during the last six months which were sufficient to pay the $5.00 filing fee.

3.   A Certificate of Appealability is **DENIED.**

4.   The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner and the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this _30th_ day of April, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-6-